Good morning, may it please the court. My name is Bill Tice and I represent Mr. Enoch. This case raises issues about the interpretation of the force clause of 924C and the residual clause of 924C. We know that a number of other cases have dealt with the residual clause and in fact I'm aware that a couple weeks ago two members of the current panel heard a few cases on that. So I know the court is familiar with the issue, we think our brief handles it, and so I'd like to, unless the court has further questions about the residual clause, talk to you about the force clause this morning. Section 2114, the count of conviction for Mr. Enoch, or one of the counts of conviction, has as one of its elements the use of force. Now 924C also has a reference to force, but the thing that we should keep in mind is that force, as it's used in 2114, is a much weaker degree of force than the force required by the Johnson case. And the reason we can say that about 2114 is that this court has actually written an opinion, U.S. v. Rodriguez, which figures very prominently in our briefs with a very simple fact pattern where someone comes up and yanks some keys off of a lanyard that a post employee has, doesn't hurt the post employee, doesn't inflict any pain or injury, which is the touchstone of Johnson type force, and this court said that that was robbery, that was the necessary force required under the 2114 statute, because that's the way the common law had regarded robbery. And that opinion has never been overruled, it's a very sound opinion, and when we look at that and we look at Johnson force, we see that 2114 is not categorically a crime of violence under the force clause, because the force required for 2114 is much milder than the amount of force that's required under Johnson. The government, in opposing this, takes the position that well really 2114 requires the same amount of force as is required in bank robbery, and the bank robbery cases, the bank robbery statute requires a higher degree of force, the Johnson level of force, and therefore Mr. Enoch deserves to get the 924C sentence. That argument however ignores, even though it's fully briefed in our papers, that the Supreme Court took special note of the bank robbery statute and said no, that statute was not meant to codify the common law, that's something very different, and the court even said, you know, it's unlike what Congress did with 2114 where they retained the common law term. So the bank robbery statute is not a crime of violence under the 2113A statute. So Mr. Tice, does our recent decision in Armour, in which we held that robbery under 2113A is necessarily a crime of violence, have any effect whatsoever in this case?  That goes back to my point that the bank robbery statute, so said the Supreme Court in Carter, is a different sort of animal. It is one that is not based on the common law. The Congress decided to do something different, and as a matter of fact, if you look at the statute, putting aside the caption on the statute, the text of the statute, says nothing at all about robbery. And of course bank robbery is a very sort of different animal. Bank robbery is not pushing someone or pulling something out of their hand, it's someone going into a bank and saying, I am here for your money, stand and deliver. That is the sort of threat of force, if not actual force, that Johnson has in mind. So I would say, Your Honor, that this court's recent decision in Rodriguez remains the law of the circuit. And it's more than just an appeal to a single precedent. Rodriguez said, look, this is the way the common law is set up. And that's why the cases that we've cited involving common law robbery that have come out recently are important. And it's not because they really define the scope of 2014. Only federal courts can define the scope of 2014. But they illustrate that there's this long common law tradition which actually has attained even greater vibrancy in the last year or so as courts deal with ACCA cases and consider state robbery statutes and say, no, when we look at that statute, it's a very common law statute. It doesn't require the level of force that Johnson requires. Now the other line of cases that the government relies on are Hobbs Act cases. And I know that there's a lot of litigation about the Hobbs Act and whether that's a crime of violence. But we would maintain that those cases really don't displace Rodriguez either. As a matter of fact, if you look at the legislative history behind the Hobbs Act, what Congress had in mind was common law robbery. Now they added some little tweaks to it. But in terms of the force element that's in the Hobbs Act, it was made clear in the legislative history and then confirmed by the Supreme Court in that Scheidler case, which isn't a criminal case, but still what Congress had in mind. So given that line of cases as well as everything else, we'd ask the court to reverse and remand. Thank you. Thank you, Mr. Tice. We'll hear now from Ms. Bonamici. May I please the court? Good morning. I'm Deborah Bonamici and I represent the Supreme Court. Your Honor, the statute that's involved in this case, 2114A, is a crime of violence, does constitute a crime of violence under 924C, both because it has as an element the use, attempted use, or threatened use of force, and because it satisfies the Part B of that definition, the residual clause. Ms. Bonamici? Yes, ma'am. Hello. Hello, Judge. Hi. Can't a person commit a robbery under 2114A with a gun in his pocket, but he never takes it out of his pocket? The victim never knows he has it. Doesn't that mean that there are robberies under 2114A that are not crimes of violence as defined under 924C3? Well, Your Honor, we don't think so. What we would say is that the degree of force that's required to satisfy the description provided by the court's decision in Rodriguez satisfies the requirement of force, that the force is not, as the defense describes it, much less than the force that's required in general or in the bank robbery statute or in the Hobbs Act, that it is really sufficient. The physical force that is required is not significant bodily harm or a tremendous amount of harm. In Johnson, the court specifically held that the degree of force that's required is actually not that great at all. It's comparable to potentially a slap in the face. In Rodriguez, the... I'm sorry? I don't think Johnson does anything for us here, but go ahead. I'm sorry, what did you say? I don't think Johnson does anything for us here, but go ahead. Well, the issue... It doesn't if you don't consider the two definitions comparable, but the issue here is whether, I think, is whether under Rodriguez and also under the general concept of robbery in the generic sense, whether that is a degree of force that's capable of causing physical pain or is comparable of resisting or of, I guess, resisting resistance, right? That's what is at issue here, and the question is... Well, look, our precedents, which Costner versus the United States, the United States versus Rodriguez, they hold the common law robbery in Illinois is not categorically a crime of violence. So robbery of government property doesn't constitute a violent felony that would qualify under 924C. Well, the statute... I'm sorry. I'm sorry, Your Honor. I didn't mean to interrupt. No, no, no. Go ahead. Go ahead. The statute involved here is more comparable, I would say, to the bank robbery statute, not because the bank robbery statute made reference to common law robbery, but because it defines robbery in a common law sense in that it technically requires that the use of... to obtain the money. It's true that in basic robbery you're dealing with taking money from another, right? But the use of force, which can be used against both the person and the property or the property of another in this context, it's not limited to the person. I have a terrible time trying to figure out on what basis we should analogize the crime of robbery under 2114A to bank robbery as opposed to common law robbery. I mean, what makes it like bank robbery? Bank robbery is so specialized, it seems to me. I'm not sure I know what you're relying on, but I would say that what we have here is a federal statute that involves a robbery of money from another individual. And robbery is generally understood to include the taking of money from another by use of force or the attempted use of force or the threatened use of force. That is the common law understanding of robbery. You know, in our recent decision in Armour, we stated the following. Let me just quote. This low threshold of violent force is necessarily satisfied in attempted bank robbery by intimidation. A bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying Curtis Johnson because bank robbery under Section 2113A inherently contains a threat of violent physical force. But really, Ms. Bonamici, why is this necessarily true of robbery under Section 2114A? Well, the question that you're asking is basically, I mean, basically what we're doing is we're equating the type of robbery that was described in Rodriguez with a purse-snatching type of scenario where the victim may not even know that the robbery is occurring. And that is not the type of robbery that would be typical in the context of a theft from a postal worker or a theft of property belonging to the government. I would say that the theft from a bank is more similar to the theft of a person holding United States government property than it would be to the type of purse-snatching or I guess purse-snatching would be the best choice, type of robbery that some state statutes do include. So you'd put purse-snatching on the other side of the line? I would, I would, Your Honor. As the First Circuit did. I would. I think that it's true that if a robbery is committed, then it by definition includes, robbery itself is by definition taking a property from another by the use of force or threatened force. And that when any kind of force is applied or threatened, that it is necessarily going to be the type of force that would cause the victim to fear that any attempt to resist would be met with reprisal. A gun may embolden a robber just, you know, by its presence in his pocket. But it doesn't necessarily mean that the robber is using force or threatened force or attempting force. I mean, the victim may not even know that the robber has a weapon. That's true, Your Honor. In short, I mean, it seems to me that there certainly are circumstances under 2114A in which the crime would therefore not constitute a violent felony. Well, here we're dealing with the definition of a crime of violence. The New Armor case, of course, holds that every bank robbery is a crime of violence. So I'm convoluted, as you can see. And I think this is difficult because it is, I mean, we can debate, if we want to, in another setting, the logic of having to engage in this difficult analysis with respect to every one of these cases. And, you know, we're all sensitive to that, I think. But what we have here is the government's argument, by the way, incorporates the fact that we also believe that, in this particular case, the defendant's crime was also a crime of violence under the residual clause. And we make several arguments with respect to why the residual clause, in this case under 924C, is not governed by this court's analysis in Viva Ceja and is not touched by the Supreme Court's decision in Johnson. So we would say that even if this court were to find that 2114A does include a broader set of circumstances than that which you have previously held to constitute the use or threatened use of force, even if you were to say that, we would say that, on our second argument, it definitely falls within the residual clause of 924C, which we argue is not governed by the previous precedent. I want to stop a minute. Pardon me? We're going way over here. I have a question. I'm here. I have a question. This $850 was to buy a gun. Pardon me? What was stolen? Money. How much? I think you're right about the amount. What was that for? I don't recall the answer to that. Wasn't this a gun sale? I don't remember that. The key pieces that we focused on is the fact that the gun was pointed at the individuals during the robbery. Now, of course, we're getting beyond the statutory language, but the statutory language that was incorporated here was that the victim's life was put in danger by the use of a dangerous weapon, which was, in this case, pointing a gun directly at his face. I just want to go back to the residual clause, because we have ruled in United States v. Viva Sasia that an almost identical residual clause is invalid. And the two clauses are virtually identical. They're virtually identical. And, you know, we declared that that residual clause to be unconstitutional in Viva Sasia. I think that should end the inquiry about the residual clause. If we found it to be unconstitutional in Viva Sasia, then it has to be unconstitutional here, unless you're asking us to overrule Viva Sasia. Well, Your Honor, we are, yes, we would ask you to do that. But, number one, we don't think that Viva Sasia necessarily controls in the context of 924C. And we've explained that point. And we would also note, as was noted last week, that the very issue that was decided in Viva Sasia, albeit in a slightly different context, is before the Supreme Court right now on certiorari and is what this court could do with respect to our second argument, as was suggested last week, is the court could hold this pending a decision from the Supreme Court in DiMaia, which makes some serious sense in the government's view in that no matter what happened, what this court rules, if it winds up being inconsistent with the decision of the Supreme Court in DiMaia, then litigation will continue. And I don't know whether my opponent even disagrees with that concept. But that's something that certainly the court could do. And it would make some good sense to do that, honestly. I think we have the point. Your time has expired. Thank you. Pardon me? Your time has expired. Yes. Thank you. Your Honor, for all the reasons stated in our brief and today, the government would request that you affirm the conviction of the defendant. Mr. Tice, you have six minutes, if you would like to use it. I hope I don't need that much time, Your Honor. To answer Judge Mannion's question. I wasn't here last week. So whatever we're talking about, I thought there was a gun involved in this robbery. The purpose of the meeting was to do a gun transaction. So that, I think, is the answer to your question. One had the money and the other had the gun. That's correct. And the other guy with the gun ended up with the money. I think that the defendants in this case had a gun. Now I'm not sure. We have focused so much on the legal issues. I'm on shaky ground when I try to. I'm on shaky ground, period. This didn't seem like a big problem to me, but apparently it is. So I maybe just don't know what I'm talking about. Government counsel said that they were drawing the line between purse snatching and all sorts of other robberies. But I think we've lost sight of the fact that Rodriguez is essentially a purse snatching. Now it's not someone's purse, but it's keys that are attached to the postal employee. And Rodriguez is very clear. This is like first-year law school. You read the cases and you look at the facts and you figure out what the rule of law is based on what those facts are. And this court said that when you snatch those keys off, that is enough force to make you a robber. But when you go to Johnson, you've got to inflict pain or injury on the person. And that didn't happen in Rodriguez. That's the essence of purse snatching. Government counsel also talked about typical robbery cases. Well, that's not the test for the categorical approach. We have to look at what are the elements of the offense and what sort of cases do they encompass. Now, not imaginary cases, but real cases. And Rodriguez is a perfect example of a real case where someone commits a robbery but does not inflict pain or injury on the victim. So Rodriguez is there. And I think that unless this court wants to overrule Rodriguez, that supplies the rule of decision and guides the court on its inquiry on this categorical question. If the court has any other questions, I'd be happy to answer them. But as I said, I don't think I would need six minutes.  Okay. Thank you, Your Honor. With our thanks to both counsel, the case is taken under advisement.